UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  EDCV 26-1129-MWF(MAR)**           **Date:  March 23, 2026**

Title:  Jefferson Renzo Espejo Castillo v. Facility Administrator, Desert View Annex et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Petitioner:<br>None Present | Attorneys Present for Respondents:<br>None Present |

**Proceedings (In Chambers):**   ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [3]

Before the Court is Petitioner Jefferson Renzo Espejo Castillo's Ex Parte Application for Temporary Restraining Order (the "Application") filed on March 11, 2026.  (Docket No. 3).  Respondents filed a Response on March 16, 2026.  (Docket No. 8).  Petitioner filed a Reply on March 17, 2026.  (Docket No. 9).

The Application is **GRANTED**.  Petitioner has demonstrated a likelihood of success on his due process claim.

## I.     BACKGROUND

Petitioner is a citizen of Peru who entered the United States around March 3, 2022.  (Docket No. 1 ("Petition") ¶ 22).  Following his apprehension, DHS chose to release Petitioner on humanitarian parole as an alternative to detention.  (*Id.* ¶ 23).  Petitioner complied with all supervision requirements and established significant ties in the United States, obtaining employment, filing income taxes, and living with his partner and children.  (*Id.* ¶¶ 24-26).

Petitioner appeared for a scheduled check-in with ICE on February 19, 2026, where he was re-detained.  (*Id.* ¶ 28).  ICE served him with a Form I-200

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-1129-MWF(MAR)**               **Date:  March 23, 2026**

Title:  Jefferson Renzo Espejo Castillo v. Facility Administrator, Desert View Annex
　　　et al.

administrative warrant of arrest and took him into custody without incident.  (*Id.* ¶ 29).
Petitioner has remained detained at Adelanto since then.  (*Id.*).

The day after Petitioner was re-detained, DHS issued a Notice to Appear that
initiated removal proceedings against Petitioner.  (*Id.* ¶ 32).  The Notice to Appear
mentions his entry into the United States, but also alleges that he had not been admitted
nor paroled after inspection.  (*Id.* ¶ 32).  DHS has never issued any written notice
terminating Petitioner's parole.  (*Id.*).

## II.　　**LEGAL STANDARD**

A temporary restraining order is an "extraordinary remedy that may only be
awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v.
Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary
restraining order is "substantially identical" to that for issuing a preliminary
injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7
(9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may
grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed.
R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is
likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence
of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an
injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire
N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a
sliding scale, allowing a preliminary injunction to issue where there are "serious
questions going to the merits" and the balance of hardships "tips sharply towards the
plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable
injury and that the injunction is in the public interest."  *See Alliance for the Wild
Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that
district courts may use a sliding-scale approach but requiring all four *Winter* factors to
be met).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-1129-MWF(MAR)**          **Date:  March 23, 2026**

Title:  Jefferson Renzo Espejo Castillo v. Facility Administrator, Desert View Annex et al.

## III.   **DISCUSSION**

Petitioner argues that he is likely to succeed on the merits of his "habeas claim" because he is unlawfully detained pursuant to § 1225, rather than § 1226.  (Application at 3).  Petitioner also alleges that DHS failed to follow its own regulations when it terminated his humanitarian parole without an individualized determination and written notice in violation of 8 C.F.R. § 212.5(e).  (*Id.*).

The Court notes as a point of clarification that there are two claims contained in the habeas petition, one under the due process clause and one under the APA, and it is unclear which claim Petitioner is referring to in his Application when he asserts his "likelihood of success."  Indeed, Petitioner does not cite the legal test for either claim in his Application, but refers the Court back to the Petition itself.

While the Court would typically deny an Application for TRO with such sparse articulation of the claims at issue, the Petition itself provides additional information and case law that enables the Court to meaningfully review the Application.  The Court cautions counsel, however, to take more care in how they present these issues to the Court, given the urgency and importance of the claims.

### A.   **Likelihood of Success**

Because Petitioner has demonstrated a likelihood of success on his Fifth Amendment claim, the Court does not reach the APA claim.

As this Court and others have recognized, detainees who were previously released by ICE gain a protected liberty interest in remaining out of custody.  Indeed, the Government's own regulations affirm that in both instances of release on an Order of Supervision and, as in this action, on humanitarian parole, the Government cannot simply re-detain someone without providing some procedural safeguards.  *See* 8 C.F.R. § 241.13(i)(1)-(2); 8 C.F.R. § 212.5(e).  While the Government retains discretion under

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-1129-MWF(MAR)**          **Date:  March 23, 2026**

Title:  Jefferson Renzo Espejo Castillo v. Facility Administrator, Desert View Annex et al.

the INA to make the "initial decision to detain or release an individual[,] … the [G]overnment's decision to release an individual from custody creates an 'implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the … conditions [of release].'"  *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citing *Morrissey v. Brewer,* 408 U.S. 471, 482 (1972)).

Accordingly, to assess whether Petitioner is likely to succeed on his claim for due process violations, the Court employs the test from *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976), weighing three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*First,* the private interest at stake is significant.  As noted above, there is a private interest in remaining out of custody following release on parole or supervision. Petitioner was paroled into the United States for humanitarian purposes and thus is entitled to the safeguards contained in the Government's own regulations before that parole can be revoked.  *See* 8 C.F.R. § 212(e); *Morrissey,* 408 U.S. at 481-82. Additionally, Petitioner has a partner and children who remain out of custody, and a job that supports his family's livelihood, further strengthening his private interest. (Petition ¶¶ 24-26).

*Second,* Petitioner has not been provided with *any* procedural safeguards. Indeed, Respondents concede that Petitioner is likely a member of the *Maldonado Bautista* class, and thus Petitioner is detained pursuant to 8 U.S.C. § 1226(a).  (*See* Response).  Therefore, Respondents concede that he was entitled to a bond hearing, and there is no indication in the record that Petitioner was provided with such a hearing.  This Court and others have found that that fact alone establishes a high risk of erroneous deprivation.  *See Pinchi,* 792 F. Supp. 3d at 1034.  Additionally, Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-1129-MWF(MAR)**          **Date:  March 23, 2026**

Title:  Jefferson Renzo Espejo Castillo v. Facility Administrator, Desert View Annex
        et al.

was entitled by regulation to written notice that states either that the purposes of parole have been accomplished or that, in the opinion of certain officials, "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States."  *See* 8 C.F.R. § 212.5(e).  When considering analogous regulations for revocation of an order of supervision, courts again routinely hold ICE to their own regulations.  *See, e.g.*, *Balbir Singh v. Jame Rios, et al.,* EDCV 26-00786-MWF(SK), at Docket No. 13; *Nazarian v. Noem*, Case No. EDCV 25-02694-KK (ADSx), 2025 WL 3236209, at *4–5 (C.D. Cal. Nov. 3, 2025); *Delkash v. Noem*, Case No. EDCV 25-01675-HDV (AGR), 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) ("These procedures are not optional or discretionary; they must be followed, and failure to do so renders the detention unlawful.").

In view of the lack of both written notice and a bond hearing, the Court concludes the risk of erroneous deprivation is substantial.

***Third,*** Respondents have failed to articulate any interest in continuing to detain Petitioner in the Response.  (*See generally* Response).  And courts have routinely recognized that the Government's interest in detaining individuals like Petitioner without a hearing is "low."  *See Fernandez Lopez v. Wofford,* CV 25-1226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025); *Meneses v. Santacruz,* --- F. Supp. 3d ----, 2025 WL 3481771, at *4 (C.D. Cal. Dec. 2, 2025).  This is particularly so where the Government has not shown — or, as here, attempted to substantively argue — that "Petitioner's detention serves either to prevent flight or a danger to the community."  *See Padilla v. Bowen,* CV 25-10780-CAS-SK, 2025 WL 3251368, at *7 (citing *Hernandez v. Sessions,* 872 F.3d 976, 994 (9th Cir. 2017)).  Nor are "the costs of providing such protections … fiscally or administratively onerous."  *Pinchi,* 792 F. Supp. 3d at 1036.

## B.    Irreparable Harm

Irreparable harm is easily established here.  Deprivation of due process rights constitutes irreparable injury.  *See Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-1129-MWF(MAR)**          **Date:  March 23, 2026**

Title:  Jefferson Renzo Espejo Castillo v. Facility Administrator, Desert View Annex et al.

2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'").  "Where the 'alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.'"  *See Marzan Mody v. Warden, et al.,* EDCV 25-3400 FMO (RAO), 2026 WL 51976, at *7 (C.D. Cal. Jan. 5, 2026) (quoting *Warsoldier v. Woodford,* 418 F.3d 989, 1001-02 (9th Cir. 2005)).

### C.      <u>**Balance of Equities, Public Interest**</u>

The balance of equities and public interest merge in cases against the Government.  *See Nken v. Holder,* 556 U.S. 418, 435 (2009).  Respondents do not assert any public interest in their Response.  (*See generally* Response).  But here, the Government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law, including its own regulations.  *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).  An injunction is in the public interest where "a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."  *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).  Accordingly, Petitioner has met his burden in establishing the third and fourth *Winter* factors.

Accordingly, under *Mathews*, Petitioner has shown a likelihood of success on the merits of his Fifth Amendment claim that due process requires both a bond hearing and a written notice of the reason for revocation of his parole.  Given that his parole was improperly revoked, the "proper remedy" is Petitioner's immediate release from custody because only that remedy "return[s] [Petitioner] to the status quo before his release was improperly revoked."  *Hoang v. Noem*, Case No. CV 25-3177-JLS (RAO), 2026 WL 89319, at *5 (C.D. Cal. Jan. 12, 2026) (concluding that merely ordering ICE to provide the "initial informal interview[,]" after "more than two months [of] re-detention, would not cure the violation suffered by" petitioner); *see also Delkash*, 2025 WL 2683988, at *5 (collecting cases that have "unequivocally found that the government's failure to follow its release revocation procedures . . . renders the re-detention unlawful.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-1129-MWF(MAR)**          **Date:  March 23, 2026**

Title:  Jefferson Renzo Espejo Castillo v. Facility Administrator, Desert View Annex et al.

### D.     **Bond Requirement**

Under Federal Rule of Civil Procedure 65(c), the Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'"  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotations omitted)).

Under the circumstances presented here, it is unlikely that the government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public."  *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).  Accordingly, the Court waives the bond requirement.

## IV.   **CONCLUSION**

Petitioner has satisfied the *Winter* factors as to likelihood of success on his due process claim and the Motion is therefore **GRANTED**.  The Court **ORDERS** as follows:

- Respondents shall immediately **RELEASE** Petitioner from custody under the same terms of supervision that applied before his re-detention. Respondents shall file a notice of compliance to this effect by no later than **March 26, 2026**.

- Respondents are **ENJOINED** from re-detaining Petitioner unless they comply with the process required under 8 C.F.R. § 212.5(e) and 8 U.S.C. § 1226(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **EDCV 26-1129-MWF(MAR)**           **Date:** **March 23, 2026**

Title: Jefferson Renzo Espejo Castillo v. Facility Administrator, Desert View Annex et al.

---

- Respondents shall **SHOW CAUSE**, in writing, by **April 6, 2026**, as to why the Court should not convert the TRO into a preliminary injunction. Petitioner may file a response by **April 13, 2026.** The parties shall address whether further preliminary relief is now moot.

A separate TRO shall issue.

IT IS SO ORDERED.